IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE M. TAPIA,<br><br>　Petitioner,<br><br>v.<br><br>WARDEN,<br><br>　Respondent. | Civil Action No.:  PX-23-611 |

**MEMORANDUM OPINION**

Pending before the Court is Jose M. Tapia's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000).  For the following reasons, the Petition will be dismissed as moot.

**I.   Background**

This Petition concerns Tapia's probation violation sentence imposed by the Circuit Court for Baltimore City.  ECF No. 1 at 1; ECF No. 17 at 6; *see also State of Md. v. Tapia*, Case No. 111252015 (Balt. City Cir. Ct. 2013).  On January 15, 2013, Tapia pled guilty to conspiracy to distribute cocaine in Baltimore City Circuit Court pursuant to a written plea agreement.  The Circuit Court sentenced him to 15 years' imprisonment, all but 14 years, 11 months and 29 days suspended, with credit for one-day time served, followed by four years' supervised probation.  ECF No. 17-1 at 28; ECF No. 17-1 at 32.  His probationary term began on March 28, 2014.  ECF No. 17-1 at 32.

While on state probation, Tapia was federally indicted for bank fraud. *See United States v. Tapia*, Crim. Case CCB-15-357 (D. Md. 2015). Consequently, on June 30, 2015, the Maryland Division of Parole and Probation charged Tapia with violating the terms of his state probation based on the alleged new criminal conduct. ECF No. 17-1 at 32-35.

On September 19, 2016, Tapia pled guilty in the federal case to two counts of aiding and abetting bank fraud and one count of aiding and abetting aggravated identity theft. ECF No. 17-1 at 36-37. On September 21, 2016, the federal court sentenced Tapia to 60 months' imprisonment followed by five years' supervised release. *Id*. at 37-39. Shortly after, the Division of Parole and Probation advised the Circuit Court for Baltimore City that Tapia's federal case had resulted in new criminal convictions and renewed the request for a warrant. ECF No. 17-1 at 42-43. On January 6, 2018, the warrant issued. *Id*. at 44.

Tapia was released from federal custody on December 30, 2019. *See Tapia,* Crim. Case CCB-15-357 at ECF No. 64 (D. Md. 2015). On December 16, 2020, Tapia was arrested on the Baltimore City violation of probation warrant. ECF No. 17-1 at 45. On October 4, 2021, the state court found that Tapia had violated his probation and sentenced him to three years' imprisonment. *Id*. at 46. Tapia's three-year sentence for the probation violation expired pursuant to diminution of confinement credits on September 5, 2023, and he was released to the community from the North Branch Correctional Facility. ECF No. 31-2.

**II.   Analysis**

Tapia claims constitutional error because the Baltimore City probation violation petition had issued after his supervision term had naturally expired. ECF No. 5 at 5-7. Tapia also argues that he should have been transported to resolve his state violation of supervision while he was serving his federal sentence, rather than the probation violation petition lodging as a detainer. *Id*.

2

at 7.  Respondent originally argued that Tapia's Petition should be dismissed as untimely.  ECF No. 17.  October 9, 2024, the Court ordered Respondent to brief whether Tapia's September 5, 2023, rendered the Petition moot.  ECF No. 29.  Respondent now asks the Court to dismiss the Petition as moot.  ECF No. 31.

Article III of the United States Constitution allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted).  Consequently, for a case to be justiciable, "the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983).  A case no longer presents a justiciable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party."  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

It is well settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.*  Where release deprives the court of the power to act on the petitioner's claim, the petition is moot. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)*; see Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009).  If the petitioner challenges the revocation of his probation or parole, and his sentence expires during the pendency of the petition, the petitioner must demonstrate "some concrete and continuing injury other than

3

the now-ended incarceration or parole—some 'collateral consequence' of the conviction"—to avoid dismissal on mootness grounds. *Miller v. Nohe*, 740 F. App'x 381, 382 (4th Cir. 2018).

Tapia centrally challenges the sufficiency of his state probation revocation proceedings. ECF No. 1.  Further, the remedy he seeks — to be relieved of the attendant imprisonment — is one he has already been accorded.  Nor has Tapia identified any collateral consequences or continuing injury from which a live case or controversy remains.  ECF Nos. 32, 33.  Although Tapia points out that a detainer had been lodged by the Washington County Sheriff's Office, ECF No. 33, this is not a collateral consequence to his violation in the Baltimore City Circuit Court. The Washington County charge is unrelated to the probation violation. *See* ECF No. 31-3.  And Tapia challenges only the Baltimore City probation revocation.  More to the point, Tapia has already received the relief that he seeks: release from his probation revocation sentence, *see* ECF No. 1 at 8.  Thus, because the Court no longer can remedy the alleged violation, the Petition is dismissed as moot.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases states that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Because the Court's Order is final and adverse to Tapia, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If a petition is denied on procedural

4

grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* Tapia has failed to satisfy this standard on any of his claims. Therefore, a certificate of appealability shall not issue.

      A separate Order follows.

| | |
|---|---|
| 4/23/25 | /S/ |
| Date | Paula Xinis<br>United States District Judge |